CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/28/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CAROLYN A. NUNN,<br><br>                            *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                            *Defendant*. | CASE NO. 6:17-cv-00054<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-motions for summary judgment, (dkts. 19, 23), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 28, hereinafter "R&R"), Plaintiff's objections (dkt. 33), and the Commissioner's response thereto (dkt. 34). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advised this Court to deny Plaintiff's motion and grant Commissioner's motion. The Court now undertakes a de novo review of those portions of the R&R to which Plaintiff objects. See 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the objections lack merit, the R&R will be adopted.

### I.     Standard of Review

A reviewing court must uphold the factual findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less

1

than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II.     Analysis

Plaintiff does not object to the R&R's recitation of the claim history in this case, and for that reason that portion of the R&R will be incorporated into this opinion. (*See* R&R at 2–4). Briefly, Plaintiff filed for disability insurance benefits ("DIB") under the Social Security Act based on fibromyalgia, sleeping disorder, anxiety, limited sitting and standing, and right leg numbness. (R&R at 2 (citing R268, 284)).[1] The ALJ found that Plaintiff was capable of performing work that was available in the economy, and thus, Plaintiff was not disabled. (R&R

---

[1] The Court denotes citations to the administrative record as "R" followed by the page number.

at 3–4 (citing R91)). The Appeals Council denied Plaintiff's request for review. (R&R at 4 (citing R1–4)).

In her objections to Judge Ballou's R&R, Plaintiff contends that the limitations in her left hand, and the opinion of her doctor and the vocational expert ("VE") regarding those limitations, should have been taken into account in the residual functional capacity ("RFC") analysis. (Dkt. 33 at 2). She further claims that the R&R misstates factual evidence,[2] and does not properly address the ALJ's failure to discuss the combined effects of pain, back and neck problems. (*Id.*). The Commissioner contends that Plaintiff repeats the arguments she made in her initial brief. (Dkt. 34 at 1). Further stating that she essentially asks this Court to "re-weigh the evidence already fully considered by the ALJ and the Appeals Council and reach a different outcome," a review that is precluded by 42 U.S.C. § 405(g). (*Id.*).

To the extent that Plaintiff states only "general objection to the entirety of the magistrate's report," they have the "same effect as an outright failure to object." *Veney v. Astrue*, 539 F.Supp.2d 841, 844–45 (W.D. Va. 2008); s*ee also Merritt v. Chcoran-Youell*, 269 Fed. App'x 268, 269 (4th Cir. 2010). However, Plaintiff's objections to the determination of her

---

[2] Plaintiff claims that "the Magistrate do[es] not accurately explain the true state of the Plaintiff's medical condition between the alleged onset date and the DLI. (Dkt. 33 at 2). She states that her hand problems "were extreme," but does not indicate in any detail how the magistrate judge failed to account for this or. (*Id.*, *see* R&R at 4 (noting Plaintiff's continuing complaints of pain)). Moreover, Plaintiff does not indicate how this prejudices her claim. She provides no cases that suggest the R&R must recount the record in great detail, in fact, "if the record considered as a whole supports [an] administrative finding, that finding must be accepted *whatever the court's view of the factual situation*". *Whiten*, 437 F.2d at 74 (emphasis added). Tellingly, here, the ALJ notes Plaintiff's "high symptom report" and finds it to be contrary to the medical evidence provided, such as reports from Plaintiff's physical therapist. (R88–89); *see Dunn v. Colvin*, 607 Fed.App'x 264, 274-75 (4th Cir. 2015) (Plaintiff's allegations about her pain "need not be accepted to the extent they are inconsistent with available evidence") (internal citations omitted).

RFC and her objections to the adequacy of the analysis of the ALJ's discussion of her additional medical conditions are sufficiently raised, and thus will be addressed by the Court.

### a. RCF Determination

To qualify for DIB, Plaintiff must establish disability on or before her DLI, March 31, 2013. *See* 42 U.S.C. § 423(a). Evidence entered after the DLI "can be given weight if they relate back to the period when plaintiff was insured and provide evidence of plaintiff's impairments at the time." *Bishop v. Astrue*, No. 1:10-2714-TMC, 2012 WL 951775, *4 (D.S.C. March 20, 2012). However, a claimant who first satisfies the medical requirements for disability only after her date last insured will not be entitled to DIB. *See Blalock v. Richardson*, 483 F.2d 773, 777 n. 9 (4th Cir. 1972) (upholding Secretary's denial of DIB despite the fact that the plaintiff was disable now because there was no positive evidence of this until after the DLI). It is the claimant's burden to prove that a disability existed at the DLI. *Id*. at 775.

Here, Plaintiff claims that the "ALJ did not consider any evidence outside a narrow window, ignoring relevant evidence," and that this failure was not properly considered in the R&R. (Dkts. 20 at 9, 33 at 1). In his opinion, the ALJ notes that Plaintiff "must establish disability between February 28, 2013, her alleged onset date, and March 31, 2013, her date last insured, in order to be entitled to a period of disability and disability insurance benefits." (R88). The ALJ's opinion then references not only the hand surgery Plaintiff received on February 28, 2013 and a follow up visit on March 13, 2013, but also dates outside of the relevant range. *Id*.

The ALJ notes that on April 8 and April 23, 3013, Plaintiff's physical therapist stated that Plaintiff "had no problems with the motor functions of her extremities." (*Id*.; *see also*, R1926, 1977–78). The ALJ also referenced follow up visits with Dr. Bravo and Dr. Ausband dated July 22 and July 31, 2013, stating that "the claimant's wrist displayed some tenderness, mild edema,

4

and mild atrophy. However her surgical cite was well healed, her wrist range of motion was full, she could make a full composite grip, and her opposition was intact." (R89). Accordingly, as noted in the R&R, it is clear that the ALJ considered evidence outside of the relevant time period, and in weighing that evidence, came to the conclusion that "through the date last insured, the claimant had the residual functional capacity to perform light work." (R87; *see also* R&R 7–8).

Plaintiff also argues that neither the ALJ nor the R&R reference Plaintiff's September 10, 2014 visit with Dr. Bravo, which she claims is relevant to her RFC determination. (Dkt. 33 at 1). The Court recognizes that "medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 340 – 41 (4th Cir. 2012). However, the post-dated evidence must sufficiently linked to the claimant's condition prior to the DLI. *Id*. Additionally, "it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays,* 907 F.2d at 1456.

Here, over a year and a half after the DLI, Plaintiff's doctor notes that Plaintiff "at this time has left hand chronic carpal tunnel syndrome and chronic entrapment of median nerve left forearm." (R2491). However, nothing in that report indicates that this chronic condition can be linked to Plaintiff's condition prior to the DLI. *Cf. Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 94–95 (4th Cir. 1991) (finding that additional evidence related back to the relevant time period where the doctor expressly stated the condition existed at that time). In fact, the evidence indicates that Plaintiff's condition after her February 28, 2013 surgery was improving. (R1926, 1978 ("Patient displays good progress" and "no problem with motor

function of extremities"). Accordingly, Plaintiff has not met her burden in showing that the disability existed at the time of the DLI. *Blalock*, 483 F.2d at 775.

Furthermore, the ALJ's opinion states that "[a]lthough not every Exhibit was discussed individually, the [ALJ] notes that all relevant evidence was considered in arriving at this decision." (R90). Where the ALJ has reviewed all the evidence, and reached a conclusion of fact, it is not for the Court to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (internal citation omitted). For these reasons, the Court finds that the ALJ's findings regarding the RFC were supported by the necessary substantial evidence,[3] and Plaintiff's objections fail.

### b. ALJ's Analysis of Additional Medical Conditions

Plaintiff states that the R&R "provides an insufficient analysis of the ALJ's treatment of Plaintiff's other medical conditions," and "there was a failure by the Magistrate to fully discuss the ALJ's failure to address the combined effects of pain, back and neck problems, and multiple back surgeries immediately prior to the [alleged onset date]." (Dkt. 33 at 2). This verges on an objection that is "general and conclusory," such that it does "not direct the court to a specific error in the magistrate's proposed findings." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, taking Plaintiff's objections as a whole, it seems that she is challenging the proposed finding that "substantial evidence supports the ALJ's determination that [Plaintiff] did not become disabled during the required time period." (R&R at 6). Accordingly, the Court will undertake a *de novo* review of that portion of the report. *See Orpiano*, 687 F.2d at 47.

---

[3] Plaintiff also objects to the ALJ's failure to consider the testimony of the vocational expert at the hearing. However the ALJ specifically stated, and the record supports, that "the vocational expert testified that the demands of the claimant's past relevant work as short order cook and waitress did not exceed the [RFC]." (R90, 122–27). Again, it is outside the purview of this Court to make credibility determinations or substitute its judgment for that of the ALJ.

6

Insofar as Plaintiff's objections to this conclusion rest on the fact that the ALJ did not consider evidence outside the relevant date, this Court points to the above discussion. As noted, the ALJ considered the record, in its entirety, and did not limit his analysis to the medical evidence during the relevant time period. The ALJ's analysis suggests that he did, in fact consider evidence prior to February 28, 2013 and after March 31, 2013, but in weighing it, found it ultimately unpersuasive, and it is not within this Court's purview to substitute its judgment. (R89–90 ("[t]he undersigned finds that there are no records in the claimant's file that show she was disabled" during the relevant time period)); *see Craig*, 76 F.3d at 589 (the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary"). Insofar as the ALJ did not explicitly discuss evidence that Plaintiff claims is particularly relevant, that evidence was not sufficiently linked to her condition at the DLI. *See Bird*, 699 F.3d at 341.

To the extent that Plaintiff's objection rests on the ALJ's determination of her credibility, it also fails. Plaintiff's allegations about her pain "need not be accepted to the extent they are inconsistent with available evidence," such as conservative treatment. *Dunn v. Colvin*, 607 Fed.App'x 264, 274-75 (4th Cir. 2015) (internal citations omitted). Here, the ALJ determined that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not credible to the extent they are consistent with the finding of disability." (R89). This finding is supported by the available evidence.

For instance, the physical therapy reports, dated after Plaintiff's DLI, note consistent progress and mobility, despite Plaintiff's complaints of pain. (R1925, 1977). Additionally, the evidence shows that with regard to Plaintiff's fibromyalgia, she was receiving conservative treatment and there was no indication that that course of action would alter. (R749–50). The

7

Court notes that the cervical surgery she had in September 2013 diverges from the conservative treatment path previously taken. (R1581). However, again, nothing in the record indicates that it is linked to the disabilities identified during the relevant dates. (*Id.*) Furthermore, this surgery, like Plaintiff's other medical treatment and conditions, was considered by the ALJ. (R90–90)

In sum, the ALJ weighed the evidence and found that it did not weigh in favor of finding that Plaintiff had a disability during the relevant time period. It is not for this Court to reweigh the evidence, and, because a reasonable mind could accept the rationale offered by the ALJ, this Court must defer to his decision. *Craig*, 76 F.3d at 589. Accordingly, Plaintiff's objection to the ALJ's determination that she did not become disabled during the required time period will be overruled.

### III. Conclusion

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court concludes that Plaintiff's objections are without merit. Accordingly, the Court will enter an accompanying order overruling her objections, denying her motion for summary judgment, granting the Commissioner's motion for summary judgment, and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  28th  day of March, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE